Argued and submitted June 30,
peremptory writ issued July 21, 1981

## STATE ex rel AETNA BUSINESS CREDIT, INC.,
*Plaintiff-Relator,*

*v.*

## DAVIS,
*Defendant.*

### (No. A8l05-02826,   SC 27877)

631 P2d 337

Leslie M. Roberts, of Kell, Alterman & Runstein, Portland, argued and cause and filed the brief for plaintiff-relator.

William F. Thomas, Portland, argued the cause and filed the brief for defendant.

DENECKE, C. J.

Tongue and Tanzer, JJ., did not participate in the decision in this matter.

## DENECKE, C. J.

Dale Industries borrowed $875,000 from Aetna Business Credit, the relator. Pursuant to a security agreement, the loan was secured by industrial machinery. ORS 79.2010. Aetna filed a complaint alleging Dale was in default, had transferred some of the collateral to the guarantors of Dale's obligation, and asked for judgment for the balance and possession of the collateral. The court ordered Dale and the guarantors who were made defendants to show cause why they should not be required to immediately surrender possession of the collateral. A hearing on the show cause order was held before the defendant, Circuit Judge Davis; the guarantors appeared, admitted the execution of the security agreement providing for immediate possession of the collateral by Aetna in the event of default; and that Dale and the guarantors were in default. Judge Davis refused to order immediate surrender of the collateral but instead ordered surrender of the collateral in the event Aetna was not paid in full within 60 days.

Aetna petitioned this court for an alternative writ of mandamus, requesting that Judge Davis be ordered to vacate his previous order and enter another order requiring the guarantors to surrender possession of the collateral to Aetna. We issued such a writ, Judge Davis appeared through his attorney to show cause, and after a hearing on June 30, 1981, we issued a peremptory writ on the same date, ordering Judge Davis to order the guarantors to deliver possession to Aetna. The purpose of this opinion is to state why this court issued a peremptory writ.

The security agreement provided:

"In the event of any default * * * Aetna, shall, thereupon, have all the rights and remedies of a secured party under the Code and may require Debtor to assemble the Collateral and make it available to Aetna at a place to be designated by Aetna which is reasonably convenient to both parties, and Aetna shall have the right to take immediate possession of the Collateral * * *."

ORS 79.5030, a portion of the secured transaction chapter of the Uniform Commercial Code, as adopted in Oregon, provides:

"Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under ORS 79.5040."

Guarantors contend that under chapter 29, the Provisional Remedies Chapter of ORS, the trial court had discretion whether to order the guarantors to deliver immediate possession. The chapter is applicable to:

"[R]eplevin or claim and delivery under ORS 29.080 to 29.095 or any other legal or equitable judicial process or remedy which before final judgment enables a plaintiff, or the court on behalf of the plaintiff, to take possession or control of, or to restrain use or disposition of, property in which the defendant claims an interest." ORS 29.020(5).

Guarantors concur in plaintiff's assertion that plaintiff sought possession by claim and delivery. ORS 29.080 provides:

"In an action to recover the possession of personal property, the plaintiff, at any time after the action is commenced and before judgment, may claim the immediate delivery of such property, as provided in ORS 29.020 to 29.075."

Guarantors principally rely on ORS 29.035(2), which provides:

"If from the affidavit or petition or other evidence, if any, the court finds that a complaint on the underlying claim has been filed and that there is probable cause for sustaining the validity of the underlying claim, the court shall consider whether it shall order issuance of provisional process, a restraining order or a show cause order. The finding under this subsection is subject to dissolution upon hearing."

This provision does give the trial court, when it finds "there is probable cause for sustaining the validity of the underlying claim," discretion whether to issue the

provisional process, issue a restraining order or a show cause order. That was done in this case. The guarantors admitted the validity of the underlying claim by admitting the execution of the security agreement and that Dale and the guarantors were in default; a show cause order was issued and the underlying claim, the default, was again admitted. When this procedure has been followed with a contract allowing immediate possession upon default or when ORS 79.5030 of the Uniform Commercial Code is applicable, the trial court has no discretion but, in accordance with the security agreement or ORS 79.5030, must order the creditor to be put in immediate possession.

Peremptory writ issued.